IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALPHONSO REED, on behalf of himself : CIVIL ACTION
and all others similarly situated, :
          Plaintiff, :
    : NO. 09-544
    v. :
     :
PINNACLE CREDIT SERVICES, LLC and :
JEFFERSON CAPITAL SYSTEMS, LLC., :
          Defendants. :

DuBOIS, J.                                          August 11, 2009

**MEMORANDUM**

FILED
AUG 11 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

I.    **Background**[1]

Plaintiff initiated the instant suit on February 6, 2009, asserting three claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, against defendants, Pinnacle Credit Services, LLC ("Pinnacle") and Jefferson Capital Systems, LLC ("Jefferson"). In the Amended Complaint, plaintiff alleges that defendant Pinnacle is a purchaser of bad debts, "purchas[ing] charged-off consumer accounts for pennies on the dollar and then seek[ing] to collect the full face value amount of accounts . . . from consumers." (Am. Compl. ¶ 1.) Plaintiff avers that defendant Jefferson, a debt collector, was hired by Pinnacle to collect on a time-barred debt owed by plaintiff. (Id. ¶ 13.)

On October 15, 2008, Jefferson sent a "collection communication" to plaintiff, which consisted of a two-page letter ("the Letter") and a multi-fold brochure inviting plaintiff to enroll

---

[1] The facts are taken from the Amended Complaint and are presented in the light most favorable to plaintiff.

in the "Emblem Fresh Start Solution Program" ("the Program").[2] (Id. ¶¶ 11–14.) Plaintiff asserts that the purpose of the Letter was "to collect an old debt allegedly due to Pinnacle . . . ." (Id. ¶ 13.) The Program stated that, if plaintiff enrolled in the Program, Jefferson would reduce plaintiff's "Account Balance"—the amount of outstanding debt—to create a "Program Balance." (Id. ¶ 14.) Once a large portion of the "Program Balance" was paid, an Emblem Mastercard account would be opened for plaintiff, consisting of the "Program Balance" that would be transferred and "a meager line of credit." (Id. ¶ 14–16.)

Plaintiff highlights language in the Letter, which states:

> If your present debt is outside the applicable statue [sic] of limitations period, then a lawsuit cannot be filed to collect this debt. Jefferson Capital will not bring legal action to collect this debt even when the debt is within the reporting period. If you receive an Emblem MasterCard credit card and later default on your Emblem MasterCard credit card account, [Monterey County Bank ("MCB"), the bank issuing the credit cards,] may be entitled to bring legal action on your new account. However, MCB has agreed not to bring legal action on any balance transferred in connection with the Emblem Fresh Start Solution Program.

(Id. ¶ 17; Letter, Oct. 15, 2008, Ex. A to Am. Compl.) Plaintiff next underscores that the enrollment form, which is the "Agreement to Participate" and appears as a perforated, detachable contract form attached to the Letter, binds the consumer to the "Condensed Bank Credit Card Agreement" ("Condensed Agreement") and "Terms of Offer." (Id. ¶ 19.) In turn, the Condensed Agreement contains an Arbitration Provision, which states, in relevant part:

> Arbitration Provision (Agreement to Arbitrate Claims). Any claim, dispute or controversy (whether in contract, tort, or otherwise) at any time arising from or relating to your Account, ***any transferred balances*** or this Condensed Agreement . . . will be resolved by binding arbitration . . . . Judgment upon any arbitration award may be entered and enforced, including without limitation by garnishment,

---

[2] The Letter and the multi-part brochure are attached as exhibits to the Amended Complaint.

2

attachment, foreclosure or other post judgment remedies, in any court having jurisdiction.

(Id. ¶ 21; Condensed Agreement, Ex. B to Am. Compl.)

The gravamen of plaintiff's Amended Complaint is that there is a discrepancy between the assurances defendants make in the Letter and the binding legal language of the Condensed Agreement. Specifically, the Letter states that "Jefferson Capital will not bring legal action to collect this debt" and "MCB has agreed not to bring legal action on any balance transferred . . . ." In contrast, the Arbitration Provision states that any claim, dispute, or controversy arising or relating to "any transferred balances" must be resolved through binding arbitration. According to plaintiff,

> Instead of stating that the card holder will not be sued on that portion of his time-barred debt that is a 'transferred balance,' as stated in the collection letter, the binding Card Agreement states the exact opposite—the card holder *will* be subject to arbitration, judgment and an array of harsh remedies on transferred balances.

(Id. ¶ 22 (emphasis in original).)

In Count I of the Amended Complaint, plaintiff asserts three claims against defendants under the FDCPA. First, plaintiff alleges that defendants have made false, deceptive and misleading statements in connection with the collection of a consumer debt in violation of § 1692e because of the inconsistency between the Letter, promising that no legal action will be initiated against plaintiff, and the Condensed Agreement, which subjects participants to binding arbitration on "any transferred balances." (Id. ¶¶ 24, 34–35a.)

Second, plaintiff asserts that defendants have misrepresented the character, status, or amount of the debt contrary to § 1692e(2). (Id. ¶¶ 34–35b.) Finally, plaintiff avers that by virtue of the Letter encouraging enrollment in the Program, defendants seek to "have the consumer

3

unwittingly acknowledge a time-barred debt so as to waive the bar of the limitations period," which is an unfair and unconscionable collection tactic in violation of § 1692f. (Id. ¶¶ 25, 34–35c.)

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach" which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950. Under this approach, a district court first identifies

4

those factual allegations which constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s] . . . —to determine" whether it states a plausible claim for relief. Iqbal, 129 S. Ct. at 1950; Twombly, 550 U.S. at 565.

### III.   Discussion

"Congress enacted the FDCPA in 1977 after noting the 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.'" Brown v. Card Service Center, 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)). In order to enhance the protections available to consumers, the FDCPA provides "a private cause of action against debt collectors who fail to comply with the Act. . . . A prevailing plaintiff under the Act is entitled to an award of damages, costs of suit and reasonable attorneys' fees." Id. (quoting 15 U.S.C. § 1692k.)

As a remedial statute, the FDCPA's language is construed broadly. Id. Indeed, in analyzing communications that potentially give rise to claims under the FDCPA, the "least sophisticated debtor" standard applies. Id. "'[T]he basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law.'" Id. (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)). Application of the least-sophisticated consumer standard "requires that courts consider the impression that the least sophisticated debtor would receive from the debt collector's

communications." Martsolf v. JBC Legal Group, P.C., No. 04-CV-1346, 2008 WL 275719, *3 (M.D. Pa. Jan. 30, 2008).

### A. Plaintiff's § 1692e Claim

In the Amended Complaint, plaintiff claims that because the promise "not [to] bring legal action" is contradicted by the actual terms of the Arbitration Provision of the Condensed Agreement (i.e., that any claim or disputes relating to "any transferred balances" must be resolved by binding arbitration), defendants have engaged in deception in violation of the FDCPA. (Compl. ¶¶ 24, 34–35a; Pl.'s Resp. 8–9.)

In their Motion to Dismiss, defendants argue that plaintiff has failed to state a claim against them for a violation of § 1692e because the Letter "is not 'false, deceptive or misleading' within the meaning of the FDCPA." (Defs.' Mot. 4.) Specifically, defendants contend that the concept of bringing a legal claim, which was mentioned in the Letter, is separate and distinct from the question of "whether a claim is subject to arbitration." (Id. at 5–6.) That is, since Jefferson "will not bring a claim to collect the debt," the "arbitration provision is inapplicable" to Jefferson and does not conflict with the terms of the Letter. (Id.) Indeed, defendants assert that plaintiff "is confusing the promise made by MCB with the promise made by [Jefferson]." (Id. at 7.) According to defendants, in the Letter, it is MCB, not Jefferson, that "agreed not to bring legal action on any balance transferred in connection with the [Program.]" (Id.) Moreover, "the arbitration provision simply provides *either party* with a *place* for claims to be resolved and in no way dictates which claims can be brought in the first place." (Id. at 8.) Finally, defendants posit that the Letter and the Condensed Agreement incorporate one another by reference and must be read as a whole. (Id. at 8–9.)

6

Section § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In his first § 1692e claim, plaintiff does not specify under which of the sixteen subsections he brings his claim. However, it appears to the Court that such claim is encompassed by § 1692e(10), which identifies the following as conduct that violates the section: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10). Moreover, the Court notes that actions prohibited under § 1692e are not limited to the sixteen subsections, which are listed as examples "[w]ithout limiting the general application of [§ 1692e]." 15 U.S.C. § 1692e. Indeed, § 1692e(10) itself "is particularly broad and encompasses virtually every violation, including those not covered by the other subsections." See Fed. Fair Lending & Cred. Prac. Man. § 14.09. The Third Circuit has called § 1692e(10) a "catchall-type provision." Rosenau v. Unifund Corp., 539 F.3d 218, 224 (3d Cir. 2008).

In the Third Circuit, "[a] communication is deceptive for purposes of the FDCPA if 'it can be reasonably read to have two or more different meanings, one of which is inaccurate,' viewed from the perspective of the 'least sophisticated consumer.'" Parker v. Pressler & Pressler, LLP, No. 07-CV-5687, 2009 WL 1917410, *13 (D.N.J. June 30, 2009) (quoting Campuzano-Burgos v. Midland Credit Mgmt., 550 F.3d 294, 298 (3d Cir. 2008); Rosenau, 539 F.3d at 222).

The Court concludes that plaintiff has alleged facts sufficient to state a claim under § 1692e(10) based on the discrepancy between the language of the Letter and the binding Condensed Agreement. Specifically, the Letter states that "Jefferson Capital will not bring legal

action to collect this debt even when the debt is within the reporting period." However, the Condensed Agreement does not contain those terms or any similar terms. Rather, it provides that "[a]ny claim, dispute or controversy (whether in contract, tort, or otherwise) at any time arising from or relating to your Account, any transferred balances or this Condensed Agreement . . . will be resolved by binding arbitration . . . ."

Defendants are correct to point out that just because there is an arbitration provision in the Condensed Agreement does not mean that Jefferson will "bring legal action." However, nothing in the Condensed Agreement—which would be binding on plaintiff if he enrolled in the Program—prevents Jefferson from initiating a claim. Stated differently, it can be argued that the assurances in the Letter are inconsistent with and unenforceable under the Agreement to Participate. As the Third Circuit has stated, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency. See Rosenau, 539 F.3d at 222; Tsenes v. Transcontinental Credit & Collection Corp., 892 F. Supp. 461, 465 (E.D.N.Y. 1995) (holding that a "juxtaposition of . . . inconsistent statements . . . constituted a 'false representation or deceptive means to collect . . . any debt'" in violation of § 1692e(10)). Plaintiff has stated such a claim in this case. Accordingly, the Court denies defendants' Motion to Dismiss with respect to plaintiff's § 1692e claim.

### B.   Plaintiff's § 1692e(2) Claim

Plaintiff also alleges that defendants have misrepresented the character, status, or amount of the debt in violation of a subsection of § 1692e—that is, § 1692e(2). As a particular species of "false, deceptive, or misleading representation" that is prohibited by § 1692e, § 1692e(2)

8

prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

The factual allegations recited in Part III.A., *supra*, also support a claim under § 1692e(2) because any deceptive or misleading information with respect to whether defendants would initiate legal action against plaintiff—i.e., the thrust of plaintiff's § 1692e(10) claim—can constitute a false representation of the "legal status" of this debt. Specifically, in their Letter, defendants state: "If your present debt is outside the applicable statue [sic] of limitations period, then a lawsuit cannot be filed to collect this debt. Jefferson Capital will not bring legal action to collect this debt even when the debt is within the reporting period." If, as plaintiff alleges, these statements are found to be deceptive—that is, because 1) enrollment in the Program will revive any time-barred debt such that a lawsuit can be filed to collect that debt, and 2) the binding language of the Condensed Agreement in no way precludes Jefferson from initiating legal action—then defendants arguably have made a false representation as to the character or legal status of the debt, in violation of § 1692e(2).

Accordingly, the Court will permit plaintiff's § 1692e(2) claim to proceed on the ground that if liability is established under § 1692e(10), a claim has been stated under § 1692e(2). The Court denies defendants' Motion to Dismiss with respect to plaintiff's claim under § 1692e(2).

C. **Plaintiff's § 1692f Claim**

In his § 1692f claim, plaintiff alleges that defendants' "tactic" is to "mislead[] consumers into waiving a statute of limitations defense by encouraging enrollment in a Program whereby a portion of the time-barred debt is transferred to a new credit card account subject to a fresh four year statute of limitations." (Pl.'s Resp. 14; Compl. ¶ 25.) In response, defendants argue that

9

plaintiff's § 1692f claim should be dismissed for failure to state a claim upon which relief can be granted because debt collectors "are not obliged under the FDCPA to affirmatively advise [p]laintiff that the debt may be time-barred." (Defs.' Mot. 4, 11.) Defendants cite the notice provisions of § 1692g, which do require notification of consumers as to time-barred debt, and contend that "nothing prohibits a debt collector from voluntarily seeking payment on a time-barred debt" so long as they do not sue or threaten litigation. (Id. at 10–11.)

Section 1692f provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f then enumerates eight different practices that would violate the section. Plaintiff does not specify under which sub-section he asserts his § 1692f claim, and he need not since "[t]he list of § 1692f violations found in the subsections are nonexhaustive" and "the prefatory language provides a cause of action." Tsenes v. Trans-Continental Credit & Collection Corp., 892 F. Supp. 461, 465 (E.D.N.Y. 1995).

The Court concludes that under the least-sophisticated consumer standard, plaintiff has alleged sufficient facts to state a claim under § 1692f. While "perhaps the most common violation of the 'unfair practice' section" involves attempts to collect amounts greater than the debt actually owed, the cause of action created under § 1692f is not confined to this type of violation. See O. Randolph Bragg, The Fair Debt Collection Practices Act at 437, 475 (PLI Corp. Law & Practice, Course Handbook Series No. 1591, 2007).

In the Letter, defendants make passing reference to the possibility that plaintiff's debt may be time-barred. (See Letter ("If your present debt is outside the applicable statue [sic] of limitations period, then a lawsuit cannot be filed to collect this debt.") However, plaintiff alleges that his debt is, in fact, time-barred and that defendants had knowledge of this fact. (Compl. ¶¶ 1,

23, 25.) If so (and construing all facts in the light most favorable to plaintiff), defendants' Letter arguably seeks to induce plaintiff into acknowledging the validity of his debt and paying off a portion of that debt through enrollment in the Program. The Court concludes that such an inducement, combined with the equivocal language in the Letter about "if" plaintiff's debt is time-barred, states a claim under § 1692f as an "unfair" or "unconscionable" means to collect a debt.

Accordingly, the Court denies defendants' Motion to Dismiss with respect to plaintiff's claim under § 1692f.

## IV.  Conclusion

For the foregoing reasons, the Court denies defendants' Motion to Dismiss. An appropriate Order follows.